UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:22-CV-1386 RLW |
| v. | ) |
| | ) |
| WALMART, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

The matter is before the Court on the motion of Defendant Walmart, Inc. ("Defendant" or "Walmart") to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).[1] (ECF No. 9). Also before the Court is Plaintiff Michael Williams's response to the Court's Order to Show Cause. (ECF No. 15). For the reasons that follow, the Court will allow Plaintiff to file a response in opposition and denies Defendant's Motion to Dismiss.

### *Background*

Plaintiff Michael Williams brings this suit against Walmart pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., ("Title VII"). Plaintiff, who is proceeding in this matter pro se without the assistance of counsel, filed his Complaint on December 29, 2022, using the district's form complaint for claims of employment discrimination. Plaintiff alleges in his Complaint that Walmart discriminated against him in that it did not hire him as a "store project coach" because of his religious beliefs and the fact that he "wasn't going to vaccinate." (ECF No. 1 at 5). Plaintiff alleges Walmart's discriminatory conduct occurred between August

---

[1] Defendant is identified in the caption of Plaintiff's Complaint as "Walmart." (ECF No. 1 at 1). In its Motion to Dismiss, the defendant states that its proper name is Walmart, Inc.

1

19 and October 31, 2021. Plaintiff attached to his Complaint a copy of a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission ("EECO") dated December 15, 2022. (ECF No. 1, Ex. 3).

On January 27, 2023, in response to the Complaint, Walmart filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In its motion, Defendant argues that Plaintiff failed to exhaust his administrative remedies with the EEOC. Walmart maintains that Plaintiff fails to plead any facts that he filed a timely charge of discrimination with the EEOC or the Missouri Commission on Human Rights (MCHR), or that he received a Notice of Right to Sue from the EEOC within 90 days of filing suit.

Plaintiff did not respond to Defendant's Motion to Dismiss in a timely manner, and on February 28, 2023, the Court issued an Order to Show Cause. (ECF No. 13). Plaintiff was ordered to show cause, in writing before March 21, 2023, why he failed to respond to Defendant's Motion to Dismiss his Complaint. On March 14, 2023, Plaintiff filed a response in opposition to Defendant's Motion to Dismiss without leave of Court. Plaintiff attached to his response memorandum exhibits from the EEOC and MCHR, including a charge of discrimination against Walmart dated April 29, 2022. (ECF No. 15).

Walmart filed a reply in support of its Motion to Dismiss, in which it states that "at most" Plaintiff has provided evidence that he filed a charge of discrimination, but he has not provided evidence that the EEOC ever issued a Notice of Right to Sue. (ECF No. 16 at 3).

### *Order to Show Cause*

Plaintiff did not respond to Defendant's Motion to Dismiss in a timely manner, and he failed to respond to the Court's Order to Show Cause. Instead, he filed an untimely response to Defendant's Motion to Dismiss without leave of Court.

2

Although Plaintiff is representing himself without the assistance of counsel, he is not excused from complying with the Court's orders, the Federal Rules of Civil Procedure, and applicable local rules. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); see also Faretta v. California, 422 U.S. 806, 934-35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure). Rule 4.01 of the Local Rules of the United States District Court for the Eastern District of Missouri provides, "each party opposing a motion . . . must file, within fourteen (14) days after service of the motion, a single memorandum containing any relevant argument and citations to authorities on which the party relies." E.D. Mo. L.R. 4.01(B). When a party cannot meet a deadline, that party must file a motion for leave to file a document out of time. The Court may extend the deadline for good cause shown or because of excusable neglect. Fed. R. Civ. P. 6(b).

In this instance, the Court will allow Plaintiff to file his response to Defendant's Motion to Dismiss out of time. However, Plaintiff shall familiarize himself with the Local Rules and Federal Rules of Civil Procedure. A copy of the Court's Local Rules can be found on the website for the U.S. District Court Eastern District of Missouri. See https://www.moed.uscourts.gov/local-rules. Other resources for self-represented parties can be found on the District's website as well, including links to the Federal Rules of Civil Procedure. In the future, Plaintiff shall comply the Court's orders and the applicable rules of this Court.

The Court now turns to the merits of Defendant's Motion to Dismiss, which is fully briefed.

### *Defendant's Motion to Dismiss*

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for

3

failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). This is especially true when, as here, a plaintiff is proceeding pro se. Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Walmart moves to dismiss Plaintiff's Title VII claim of religious discrimination in hiring on the basis that Plaintiff did not exhaust his administrative remedies with the EEOC. Title VII does require administrative exhaustion before filing a lawsuit. 42 U.S.C. § 2000e-5(e). To

4

exhaust one's administrative remedies, an individual must timely file a charge of discrimination with the EEOC or a state enforcement agency setting forth the facts and nature of the charge. Id. Once an individual has received a right to sue notice from the EEOC or state agency, he or she has 90 days in which to file a lawsuit that "grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Nichols v. American Nat'l Ins. Co., 154 F.3d 875, 886 (8th Cir. 1998).

Here, Plaintiff attached to his response to Defendant's Motion to Dismiss a copy of a charge of discrimination against Walmart dated April 29, 2022. In this charge, Plaintiff alleged Walmart discriminated against him on the basis of his religion. Furthermore, attached to the Complaint is a copy of a Notice of Right to Sue from the EEOC dated December 15, 2022 – 14 days before Plaintiff filed suit. The Court denies without merit Walmart's Motion to Dismiss for failure to exhaust administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Michael Williams is **GRANTED** leave to file his response in opposition to Defendant Walmart's Motion to Dismiss. [ECF No. 15]. In the future, Plaintiff shall comply with the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules of the Eastern District of Missouri.

**IT IS FURTHER ORDERED** that Defendant Walmart's Motion to Dismiss is **DENIED**. [ECF No. 9]

*Ronnie L. White* (signature)

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of July, 2023.